IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

UNITED STATES OF AMERICA,    )
                             )
            Plaintiff,       )
                             )
v.                           )        Case No. 19-03029-05-CR-W-BP
                             )
ELSHABAZZ JACKSON,           )
                             )
            Defendant.       )

## ORDER AND OPINION ADOPTING MAGISTRATE JUDGE'S REPORT AND DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION TO SUPPRESS OUT OF TIME

Defendant was first charged in the Superseding Indictment filed in July 2019 with one count of conspiring to distribute methamphetamine and one count of possessing methamphetamine with the intent to distribute. (Doc. 58.) Defendant was arrested in Nevada in September 2020, and retained counsel entered his appearance on September 21, 2020. (Doc. 101.) Defendant was arraigned on September 24, 2020, and at that time was released on bond by the Honorable David P. Rush, the United States Magistrate Judge to whom this case was referred for pretrial matters. (Doc. 103.) On the same day, Judge Rush issued a Scheduling and Trial Order, (Doc. 104), that, among other things, set a deadline of October 14, 2020, for the filing of pretrial motions. (Doc. 104, p. 7.)

Defendant violated the terms of his pretrial release in November 2020; Judge Rush issued a warrant for Defendant's arrest and Defendant was arrested in Nevada in April 2021. (Doc. 157.) A bond revocation hearing was set for June 15, 2021, (Doc. 153), then at Defendant's request was continued to July 12, 2021. (Docs. 154-56.) At the July 12, 2021, hearing Defendant's bond was revoked. (Doc. 161.)

On January 25, 2022, Defendant filed a Motion for Leave to File a Motion to Suppress Out of Time. The motion, (Doc. 182), provided no reason for granting the relief requested; it only requested leave to file a motion out of time. Later that day, Judge Rush issued a Report recommending that the request be denied because it "provides no basis for the relief requested, and as a result, Defendant has failed to show good cause as required by Fed. R. Crim. P. 12(c)(3)." (Doc. 183.) Later still on that day, Defendant filed objections and, for the first time, explained why he should be allowed to file a Motion to Suppress out of time. The Court then recommitted the matter to Judge Rush for him to consider the motion in light of the newly expressed justifications. (Doc. 185.)

On January 31, Judge Rush vacated his prior Report and issued a new one recommending that Defendant's motion be denied. (Doc. 186.) Defendant filed objections. (Doc. 189). The Court has conducted a de novo review and (1) adopts Judge Rush's Report as its Order and (2) denies Defendant's motion. This Order is intended to supplement the Report's rationale.

As the Report explains, Rule 12(c)(1) permits a court to set deadlines for the filing of pretrial motions, and Rule 12(c)(3) permits a court to consider an untimely motion "if the party shows good cause." "To show good cause, a party must show *both* cause *and* prejudice." *United States v. Fogg*, 922 F.3d 389, 391 (8th Cir. 2019) (emphasis supplied).

Here, Defendant sought leave to file an untimely motion to suppress approximately fifteen months after the deadline expired. To justify this lengthy delay, Defendant contends (1) he was not transferred to Greene County until June 2021 and was then transferred to the St. Clair County in January 2022, (2) and counsel's law partner passed away in October 2021. (Doc. 184, p. 2.) The Objection does not expand on these rationales. Defendant does not explain why the timing of his transfer to Greene County and subsequent transfer to St. Clair County provide good cause

2

sufficient to excuse the delay, particularly when Defendant was on bond until he was arrested in April 2021 and the deadline passed the prior October. It appears that he is arguing that the time from his arrest in April until his return to Missouri in June made filing a motion to suppress difficult – but if this is his rationale, it does not account for the fact that the deadline had already expired in October 2020 or explain the subsequent delay from June 2021 to January 2022. The Court also observes that the deadline expired a year before the passing of counsel's law partner.

The motion and the Objections also both emphasize Defendant's Fourth Amendment interests. However, the desire to file a suppression motion does not justify relief from a deadline. *United States v. Trancheff*, 633 F.3d 696, 698 (8th Cir. 2011).[1]

For these reasons, the Court agrees with the Report that Defendant has not shown good cause to justify allowing him to file an untimely Motion to Suppress. The Report is adopted as the Order of the Court and Defendant's motion is denied.


**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
DATE: February 22, 2022                                    UNITED STATES DISTRICT COURT

---

[1] The Objection also expresses that "Counsel understands [Judge Rush's] position in moving cases given the havoc COVID-19 has caused," (Doc. 189, p. 2), but the Court notes that Judge Rush's Report makes no mention of COVID-19. The Court further notes that Judge Rush granted trial continuances requested by Defendant in March 2021, (Doc. 138), June 2021, (Doc. 155), and November 2021, (Doc. 179). Allowing Defendant to file a Motion to Suppress at this juncture will likely require another continuance in this multi-defendant case, as trial is set for March 21, 2022. (Doc. 179.)

3